UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LaTonya Lefebvre,

Plaintiff,

v.

Citizens Insurance Co. of the Midwest,

Defendant.

_____/

Case No. 14-cv-13312

United States District Court Judge
Gershwin A. Drain

United States Magistrate Judge
Michael J. Hluchaniuk

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS TO PRECLUDE TESTIMONY [49, 55]**

**I. INTRODUCTION**

LaTonya Lefebvre ("Plaintiff") commenced this action in state court against Citizens Insurance Company of the Midwest ("Defendant") on May 8, 2014. *See* Dkt. No. 1 (Exhibit 1, Pg. ID No. 13). The action was removed to federal court on August 26, 2014. *See* Dkt. No. 1. In the Complaint, the Plaintiff alleges that Defendant failed to cover medical expenses, lost earnings and other obligations due under the terms of the insurance agreement. *See id.* (Exhibit 1 at 8, Pg. ID No. 12).

Currently before the Court are the Plaintiff's Motions in *Limine* to preclude the testimony of Jerome Eck, Ferris Finerty [49] and Dr. Mark Delano [55]. For the reasons discussed herein, both Motions are **DENIED**.

**II. LEGAL STANDARD**

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of a motion *in limine* is to eliminate "evidence that is

-1-

clearly inadmissible for any purpose" before trial. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). A district court rules on evidentiary motions *in limine* "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). The guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Although neither the Federal Rules of Evidence, nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*, the Supreme Court has allowed district courts to rule on motions *in limine* "pursuant to the district court's inherent authority to manage the course of trials." *See Luce*, 469 U.S. at 41 n.4.

A district court should grant a motion to exclude evidence *in limine* "only when [that] evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. In cases where that high standard is not met, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*. Denial of a motion to exclude evidence *in limine* does not necessarily mean that the court will admit the evidence at trial. *See Luce*, 469 U.S. at 41. "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. at 41–42.

### III. DISCUSSION

Both of Plaintiff's Motions assert the same argument. Plaintiff asserts that because Defendant did not provide all of the required disclosures for expert witnesses by the close of discovery under Rule 26 of the Federal Rules of Civil Procedure, that the testimony should be precluded from trial. *See* Dkt. No. 49 and 55.

Federal Rule of Civil Procedure 26, in relevant part, states:

**(2)** *Disclosure of Expert Testimony***.**

> **(A)** *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> **(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> > **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
> >
> > **(ii)** the facts or data considered by the witness in forming them;
> >
> > **(iii)** any exhibits that will be used to summarize or support them;
> >
> > **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
> >
> > **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> >
> > **(vi)** a statement of the compensation to be paid for the study and testimony in the case.
>
> …
>
> **(D)** *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> > **(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or
> >
> > **(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26

The Court set the close of discovery at July 27, 2015. *See* Dkt. No. 20 at 3 (Pg. ID No. 149). However, Plaintiff did not receive certain expert reports from Defendant until July 30, 2015. Dkt. No. 49 at 2 (Pg. ID No. 430). Some disclosures, such as the witnesses' compensation information, qualifications and prior publications, have yet to be provided. *Id.* Defendant does not dispute this, but argues that the expert disclosures are not due until 90 days before trial under Rule 26(a)(2)(D)(i). *See* Dkt. No. 54 at 3 (Pg. ID No. 501).

Plaintiff correctly states that Rule 26(a)(2)(D)(i) only applies "[a]bsent a stipulation or a court order." Fed. R. Civ. P. 26(a)(2)(D). Plaintiff argues that because the Court's scheduling order set a "discovery cut off" date, that Rule 26(a)(2)(D)(i) does not apply. *See* Dkt. No. 56 at 2 (Pg. ID No. 595). Plaintiff points to *Chavez v. Waterford Sch. Dist.*, No. 09-12336, 2010 WL 3675314 (E.D. Mich. 2010) to support her argument.

In *Chavez,* the Court's Scheduling Order was very explicit, providing that "[a]ll witnesses to be called at trial shall be listed" by the close of discovery. *Chavez*, 2010 WL 3675314 at *1. Here, the Scheduling Order is not as explicit. As Defendant points out, there is no specific Court Order when it comes to expert witnesses. The Scheduling Order merely states the discovery cut off is July 27, 2015. *See* Dkt. No. 20 at 3. The Court did not specify a date for expert witness disclosures. Thus, this case is distinguishable from other cases, such as *Chavez* and *Vance v. U.S.*, 182 F.3d 920, 1999 WL 455435, at *2 (6th Cir. 1999).

Therefore, seeing that there is no Court Order with regard to expert witnesses, the Court holds that Rule 26(a)(2)(D)(i) will govern, and Defendant will have until 90 days before trial to provide the information.

## IV. CONCLUSION

For the reasons discussed herein, both of Plaintiff's Motions are **DENIED.**

-4-

-5-

IT IS SO ORDERED.

Dated: November 3, 2015
Detroit, MI

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge